IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONALD HUGGINS, II                                                        PLAINTIFF

vs.                                                        CASE NO.: 5:16cv2 DCB-MTP

CULBERTSON CONTRACTORS, LLC;
S&S CONSTRUCTION, LLC; JAY M.
CULBERTSON, INDIVIDUALLY AND
HOWARD R. STEWART, JR., INDIVIDUALLY                       DEFENDANTS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RONALD HUGGINS, II ("Plaintiff"), is an employee of Defendants, CULBERTSON CONTRACTORS, LLC (hereinafter "Culbertson Contractors"); S&S CONSTRUCTION, LLC (hereinafter "S&S Construction); JAY M. CULBERTSON, INDIVIDUALLY (hereinafter "Culbertson") and HOWARD R. STEWART, JR., INDIVIDUALLY (hereinafter "Stewart"), hereinafter collectively referred to as "Defendants" and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA").

### NATURE OF SUIT

1.  Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order

to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3. Additionally, Plaintiff seeks a declaration of rights pursuant to Fed.R.Civ.P. 57 and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

## JURISDICTION AND VENUE

4. Jurisdiction is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA, 29 U.S.C. §216(b).

6. Venue is proper in this Court because Plaintiff worked for Defendants within this District during the relevant time period subject to this Complaint, Defendants maintained a business operation with the District, and the events giving rise to the claims asserted herein arose in a substantial part within the District.

7. The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

8. Plaintiff, Ronald Huggins II, was a general laborer and performed construction related activities for Defendants in, among others, Lincoln County, Mississippi.

9. Defendant, Culbertson Contractors, LLC, is a limited liability company that operates and conducts business in, among others, Lincoln County, Mississippi.

10. Defendant, S&S Construction, LLC is a limited liability company that operates and conducts business in, among others, Lincoln County, Mississippi.

11. Defendant, Jay M. Culbertson, is an individual who, upon information and belief, lives and resides in the State of Mississippi, and conducts business in Lincoln County, Mississippi.

12. At all times relevant to this action, Jay M. Culbertson, was an individual resident of the State of Mississippi, who owns and operates Culbertson Contractors, LLC, and who regularly exercised the authority to: (a) hire and fire employees of Culbertson Contractors, LLC; (b) determine the work schedules for the employees of Culbertson Contractors, LLC; and (c) control the finances and operations of Culbertson Contractors, LLC; and, by virtue of having regularly exercised that authority on behalf of Culbertson Contractors, LLC, Jay M. Culbertson is an employer as defined by 29 U.S.C. §201, *et seq*.

13. Defendant, Howard R. Stewart, Jr., is an individual who, upon information and belief lives and resides in the States of Mississippi, and conducts business in Lincoln County, Mississippi.

14. At all times relevant to this action, Howard R. Stewart, Jr., was an individual resident of the State of Mississippi, who owns and operates S&S Construction, LLC, and who regularly exercised the authority to: (a) hire and fire employees of S&S Construction, LLC; (b) determine the work schedules for the employees of S&S Construction, LLC; and (c) control the finances and operations of S&S Construction, LLC; and, by virtue of having regularly exercised that authority on behalf of S&S Construction, LLC, Howard R. Stewart, Jr. is an employer as defined by 29 U.S.C. §201, *et seq*.

15. At all material times hereto, Defendants were "joint employers" of Plaintiff within the meaning of the FLSA.

16. At all material times hereto, Defendants operated and continues to operate as a "joint enterprise" within the meaning of the FLSA.

17. At all material times hereto, Defendants operated and continues to operate as an "integrated enterprise" within the meaning of the FLSA.

18. At all material times hereto, Defendants jointly employed the same employees, in the same or similar role, simultaneously as one joint enterprise.

## COVERAGE

19. At all material times hereto, Plaintiff was an "employee" within the meaning of the FLSA.

20. At all material times hereto, Defendants were the "employer" of Plaintiffs within the meaning of the FLSA.

21. At all material times hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

22. At all material times hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

23. At all material times hereto, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

24. Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2013 - 2016).

25. At all material times hereto, Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

26. At all material times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

   a. Operated instrumentalities of commerce;

4

        b.      Transported goods in commerce;

        c.      Used channels of commerce;

        d.      Communicated across state lines; and/or

        e.      Performed work essential to any of the preceding activities.

27. At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

28. At all material times hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

29. Defendants and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment and compensation policies and practices and for applying to Plaintiff the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

30. Upon information and belief, a complete set of records, to the extent that any exist, concerning the number of hours worked by Plaintiff and amounts paid to Plaintiff are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

31. Defendants provide construction and remodeling services for its business and residential customers.

32. Plaintiff was a general laborer who worked for Defendants and performed construction services in Lincoln County, Mississippi as well as in other states from approximately 2011 until 2014. Specifically, Plaintiff assisted Defendants with the construction of commercial retail stores and was responsible for installing panels and sheetrock, ceiling tile, erecting fences and landscaping.

33. Plaintiff was paid an hourly rate of pay that ranged in amount from $16.00 to $18.00 an hour in exchange for work performed, including all hours of worked over forty (40) in a given week, in violation of the FLSA.

34. At all times material hereto, Plaintiff routinely worked hours in excess of forty (40) hours per week for Defendants. Plaintiff approximately worked fifty (50) to sixty (60) hours per week.

35. Although Plaintiff routinely worked overtime hours, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

36. Plaintiff did not receive proper compensation for overtime hours worked and Defendants never intended to pay Plaintiff proper compensation for overtime hours worked because Defendants erroneously misclassified Plaintiff as an independent contractor.

37. Defendants' misclassification of Plaintiff was a willful act.

38. Plaintiff should have been compensated at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek, as required by the FLSA.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

40. At all material times hereto, Defendant violated Title 29 U.S.C. § 207, in that:

    a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendant;

    b. No payment or provisions for payment were made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hour per workweek, as provided by the FLSA; and

c.      Defendant has failed to maintain proper time records as mandated by the FLSA.

41.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION

42.     Plaintiff readopts and reincorporates paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43.     At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

44.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

45.     At all times material hereto, Defendanst failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

46.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

47.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

48.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

50. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

WHEREFORE, Plaintiff requests a judgment entered in his favor and against all Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II - DECLARATORY RELIEF

51. Plaintiff readopts and reincorporates paragraphs 1 through 41 above as though fully stated herein.

52. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

53. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

54. Plaintiff may obtain declaratory relief.

55. Defendants jointly employed Plaintiff.

56. Defendants, Culbertson Contractors, LLC and S&S Construction, LLC are a joint enterprise.

57. Defendants, Jay M. Culbertson and Howard R. Stewart, Jr., are individual employers as defined by 29 U.S.C. § 201, et seq.

58. Plaintiff was individually covered by the FLSA.

59. Defendants failed to properly pay Plaintiff for all the hours worked.

60. Plaintiff is entitled to overtime pursuant to 29 U.S.C. §207(a)(l).

61. Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29C.F.R. Part 516.

62. Defendants did not rely on a good faith defense.

63. Plaintiff is entitled to an equal amount of liquidated damages.

64. It is in the public interest to have these declarations of rights recorded.

65. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

66. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

67. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest; and

f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED, this 11th day of January, 2016.

Respectfully submitted,

RONALD HUGGINS, II

_____
Christopher W. Espy, Esq., MSB #102424
MORGAN & MORGAN, PLLC
188 E. Capitol Street, Suite 777
Jackson, MS 39201
Tel.: (601) 718-2087
Fax: (601) 718-2102
Email: cespy@forthepeople.com

ATTORNEY FOR PLAINTIFF

10